UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> Alden Estates of Naperville, Inc., <br><br> Defendant. | Case No. 14-cv-5588 <br><br> Judge Gary Feinerman <br> Magistrate Judge Martin |

## CONSENT DECREE

Plaintiff, Equal Employment Opportunity Commission ("EEOC"), filed this action against Alden Estates of Naperville, Inc. ("Alden") under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title 1 of the Civil Rights Act of 1991. EEOC alleged that Defendant violated the ADA by firing Kathleen Parker because of her disability or because it perceived her to be disabled. The parties have determined to finally resolve this action by entry of this Consent Decree.

### Findings

Having carefully examined the terms and provisions of this Consent Decree, the Court finds the following:

1. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Section 706(f) (1) and (3) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f) (1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. This Court has jurisdiction over the parties.

1

3. The terms and provisions of this Consent Decree are adequate, fair, reasonable, equitable and just. This Consent Decree resolves all claims alleged by the EEOC in its Complaint. The rights of the parties and of Kathleen Parker, and the interests of the public are adequately protected by this Consent Decree.

4. This Consent Decree conforms to the Federal Rules of Civil Procedure and the ADA, and is not in derogation of the rights and privileges of any person. The entry of this Consent Decree will further the objectives of the ADA.

WHEREFORE, upon the consent of the parties, IT IS ORDERED, ADJUDGED AND DECREED:

### Injunction against Disability Discrimination

5. Defendant and its managers, supervisors, officers, and directors are enjoined from engaging in any employment practice prohibited by the ADA, including (1) failing to provide reasonable accommodations for an employee's disability; and (2) terminating employees because of their disability or the need to provide reasonable accommodation for an employee's disability, at Alden Estates of Naperville, Inc.

### Non-Retaliation

6. Defendant and its managers, supervisors, officers, and directors are enjoined from engaging in any form of retaliation against any person because such person has opposed any practice at the above facility made unlawful under the ADA; filed a Charge of Discrimination under the ADA with regard to actions at that facility; testified or participated in any manner in any investigation, proceeding, or hearing under the ADA in regard to that facility; or asserted any rights under this Consent Decree.

### Posted Notice

7. Within 10 days after this Consent Decree is entered, and continuously for the term of this Decree, Defendant shall post the Notice attached as Exhibit A in a conspicuous location on a bulletin board or other physical space used for notices to employees at the Naperville, Illinois facility. Within 20 calendar days after entry of this Consent Decree, Defendant shall certify to the EEOC in writing that the notice has been posted. Defendant shall take all reasonable steps to ensure that the posting is not altered, defaced, or covered by any other material

### Monetary Relief

8. Defendant shall pay the gross sum of $55,000.00, in the form of two payments, to Joji Takada, Trustee for the estate of David and Kathleen Parker. The first payment of $5,000.00 shall be mailed within fourteen days after receipt of the executed Release, attached as Exhibit B, or the entry of this Decree, whichever is later. The second payment for the remaining $50,000.00 shall be mailed within 90 days of the mailing of the first check. Alden shall issue an IRS Form 1099 to the Trustee for the entire $55,000. The checks shall be mailed to the Trustee by Certified or Registered Mail at the following address:

Joji Takada, Trustee for the estate of David and Kathleen Parker
Takada Law Office, LLC
6336 N. Cicero Ave., Suite 201
Chicago, IL 60646

Contemporaneously, Alden shall submit a copy of the checks to EEOC.

9. The parties shall bear their own costs and attorneys fees.

### Training

10. Within 60 days of the entry of this Decree, all employees at Alden Estates of Naperville shall receive training on the employment provisions of the ADA, provided by an

outside trainer paid for by Alden. Alden shall repeat this training at least once every twelve (12) months for the duration of the Decree, within sixty (60) calendar days of each anniversary following entry of this Decree. The training shall be conducted by Mary Rose Strubbe. A registry of attendance shall be maintained for each training session required under this Paragraph.

11. Defendants shall certify to the EEOC in writing within sixty calendar days after the training has occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the date, location and duration of the training; (ii) the name and position of each person attending; (iii) a list of all employees currently employed at the Naperville facility; and (iv) copies of any and all written materials or powerpoints provided or displayed to the personnel attending each session.

### Policy Revisions

12. Within sixty (60) days after entry of this Decree, Defendant will re-distribute its reasonable accommodation policies to all of its employees.

### Recordkeeping

13. For the duration of this Consent Decree, Defendant shall maintain, and make available for inspection and copying by the EEOC, upon twenty-one (21) calendar days notice by the EEOC, records, including the name, address, and telephone number, of (a) each employee at Alden who requested an accommodation under the ADA, and (b) any complaint or report (oral or written, formal or informal, internal or external) of disability discrimination or of retaliation prohibited by this Decree For each request or complaint, such records shall include: the date and substance of the request or complaint, the date of any decision on the request or complaint, a description of the resolution or outcome of the request or complaint, including a description of what actions, if any, Alden took or considering taking.

14. Alden shall require personnel within its employ, upon request by the EEOC, to cooperate reasonably with and to be interviewed, by the EEOC for purposes of verifying compliance with this Decree. Managers shall have the right to have counsel present during such interviews. Alden shall permit a representative of the EEOC to enter Alden's premises during normal business hours for the purpose of verifying compliance with the notice posting requirement of Paragraph 7.

**Reporting**

15. Defendant shall furnish to the EEOC a written report every 6 months after the entry of this Consent Decree, for the duration of the decree, with the last report due at the end of the 35th month, as to requests for accommodation or complaints of disability discrimination, referred to in Paragraph 13. Each such report shall contain the name and address of each Alden employee who, in the last six months (or 5 months for the last report) requested an accommodation under the ADA or who complained about disability discrimination. If no employee made such a request, an officer of Defendant shall submit a signed statement so stating. Each report shall also contain a statement signed by an officer of Defendant that the Notice required to be posted by Paragraph 7 above remained posted during the entire six month period preceding the report.

**Duration**

16. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a term of three (3) years immediately following the entry of the Decree, unless extended by order of this Court, provided, however, that if at the end of the term of the Decree, any disputes under Paragraph 17 below remain unresolved, the term of the Decree shall be automatically extended by the Court and the Court

may retain jurisdiction of this matter to enforce the Decree until such time as all such disputes have been resolved.

### Dispute Resolution

17. If either party has reason to believe that the other party is not complying with this Consent Decree, that party shall so notify the allegedly non-complying party in writing. The allegedly non-complying party will then have 10 business days in which to achieve compliance or to satisfy the other party that there has been no non-compliance; if the allegedly non-complying party does neither, the other party shall have the right to apply to the Court for appropriate relief. If Defendant fails to pay the monetary amount specified above within the time provided in paragraph 8, the EEOC may apply directly to the Court for appropriate relief.

### Miscellaneous Provisions

18. The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, successors and assigns of Defendant. Defendant, and any successor(s) of it, shall provide a copy of this Consent Decree to any organization or person who proposes to acquire or merge with Defendant prior to the effectiveness of any such acquisition, merger or sale. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

19. When this Consent Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to Jeanne Szromba, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2000, Chicago, Illinois, 60661. When this Decree requires submission by the EEOC of materials to Defendant, they shall be mailed to Laurie Leader, Clinical Professor, Chicago-Kent College of Law, 565 W. Adams, Suite 600, Chicago, IL 60661.

SO ORDERED, ADJUDGED, and DECREED on this 6th day of July, 2015.

By the Court:

                                                The Hon. Gary Feinerman
                                                United States District Judge

Agreed to in form and content:

| | |
|---|---|
| Approved for Plaintiff EEOC | Approved for Defendant Alden Estates of Naperville, Inc. |
| P. DAVID LOPEZ<br>General Counsel | /s/ LAURIE LEADER<br>Laurie E. Leader |
| JAMES LEE<br>Deputy General Counsel | Clinical Professor<br>Chicago-Kent College of Law<br>565 W. Adams -- Ste. 600 |
| GWENDOLYN YOUNG REAMS<br>Associate General Counsel<br>Equal Employment Opportunity<br>Commission<br>1801 L Street, N.W. Washington, D.C.<br>20507 | Chicago, IL 60661 |

/s/ JOHN HENDRICKSON
JOHN C. HENDRICKSON
Regional Attorney

/S/ DIANE SMASON
DIANE SMASON
Supervisory Attorney

/S/ JEANNE SZROMBA
JEANNE SZROMBA
Trial Attorney

## EXHIBIT A
## NOTICE TO EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") titled *EEOC v Alden Estates of Naperville, Inc.* No. 14 CV 5588, N.D. Illinois. In its suit, the EEOC alleged that Defendant terminated a disabled employee in violation of the Americans with Disabilities Act ("ADA").

To resolve the case, EEOC and Defendant have entered into a Consent Decree which provides that:

1) Defendant will pay a monetary settlement.

2) Defendant will not terminate employees because of their disabilities, and will provide reasonable accommodations to qualified employees or applicants.

3) Defendant will not retaliate against any person because (s)he opposed any practice made unlawful by the ADA, filed an ADA charge of discrimination, participated in any ADA proceeding, or asserted any rights under the Consent Decree.

4) Defendant will provide training to all employees about the requirements of the ADA.

**The EEOC is a federal agency that enforces federal laws prohibiting discrimination in employment based on race, color, sex (including sexual harassment and pregnancy), religion, national origin, age, disability, genetic information, and retaliation. Further information about EEOC and these laws is available on EEOC's web site at www.eeoc.gov. If you believe you have been subjected to unlawful discrimination or retaliation, you may contact EEOC by phone at (312) 869-8000 or by TTY at (312) 869-8001. The EEOC charges** no fees.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

This Notice must remain posted for three (3) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Alden Estates of Naperville Consent Decree Compliance, EEOC – Legal Unit, 500 West Madison Street, Suite 2000, Chicago, IL 60661.

7/6/2015
Date

Hon. Gary Feinerman
United States District Court

9

**EXHIBIT B**

**RELEASE AGREEMENT**

    I, Kathleen Parker, for and in consideration of the sum of $55,000, payable to the Trustee identified below by Alden Estates of Naperville, Inc., pursuant to the terms of the Consent Decree entered by the Court in *EEOC v. Alden Estates of Naperville, Inc.,* 14 C 5588 (N.D. Ill.), hereby waive my right to recover for any claims of discrimination under the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, that I had against Alden prior to the date of this release that were included in the claims alleged in the EEOC's complaint in this case.

    Date: _____

    _____
    Kathleen Parker

    I, Joji Takada, Trustee for the estate of David and Kathleen Parker, for and in consideration of the sum of $55,000, payable to me as Trustee by Alden Estates of Naperville, Inc., pursuant to the terms of the Consent Decree entered by the Court in *EEOC v. Alden Estates of Naperville, Inc.,* 14 C 5588 (N.D. Ill.), hereby waive my right, as Trustee, to recover for any claims of discrimination under the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, that I had against Alden prior to the date of this release that were included in the claims alleged in the EEOC's complaint in this case.

    Date: _____

    _____
    Joji Takada, Trustee

    Takada Law Office, LLC
    6336 N. Cicero Ave., Suite 201
    Chicago, IL 60646
    trustee@takatallc.com

10